# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

February 22, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Christie S. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1126-CDA

Dear Counsel:

On April 27, 2023, Plaintiff Christie S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 14, 15). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration. This letter explains why.

## I.        PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on September 4, 2021, alleging a disability onset of October 18, 2019. Tr. 192–94. She subsequently alleged a disability onset of September 4, 2021. Tr. 23, 206. Plaintiff's claim was denied initially and on reconsideration. Tr. 108–12, 120–24. On December 14, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 45–88. Following the hearing, on January 25, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 18–44. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.       THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on April 27, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, the Court subsitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Christie S. v. O'Malley*
Civil No. 23-1126-CDA
February 22, 2024
Page 2

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"   42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 4, 2021, the alleged onset date." Tr. 23.  At step two, the ALJ found that Plaintiff suffered from severe "obesity, osteoarthritis, cervical and lumbar degenerative disc disease, peripheral neuropathy, affective disorder, anxiety disorder, trauma related disorder, carpal tunnel syndrome and migraines." *Id.*  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 24.  The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift, carry, push and pull 20lbs occasionally and 10lbs frequently, sit 6 hours in an 8 hour workday, and stand and walk for 6 hours in an 8 hour workday.  The claimant can occasionally climb ramps and stairs; balance; stoop; kneel; crouch; and crawl but can never climb ropes, ladders, or scaffolds.  The claimant can frequently, bilaterally reach, handle, finger and feel.  The claimant must work in a moderately loud work environment or quieter, with stable lighting no brighter than that of an average office setting.  The claimant can occasionally be exposed to moving mechanical parts and unprotected heights.  The claimant can perform simple, routine tasks, occasionally interact with supervisors, co-workers, and the public, and occasionally adjust to changes in workplace settings.

Tr. 27.  The ALJ found that Plaintiff was unable to perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 38.  Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 39.

### III.   <u>LEGAL STANDARD</u>

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]"   42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*.  In conducting the "substantial evidence" inquiry, the

*Christie S. v. O'Malley*
Civil No. 23-1126-CDA
February 22, 2024
Page 3

Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

## IV.  <u>ANALYSIS</u>

Plaintiff argues that the ALJ erred "by failing to properly evaluate Plaintiff's fibromyalgia in accordance with [Social Security Ruling ("SSR")] 12-2p, which infected each step in the sequential evaluation, rendering the decision unsupported by substantial evidence[.]" ECF 12, at 7.  Defendant counters that, "[b]ecause substantial evidence supports the ALJ's conclusion that Plaintiff's fibromyalgia diagnosis was not a medically determinable impairment, there was no subsequent error at later steps in the sequential evaluation." ECF 14, at 9.

Pursuant to SSR 12-2p, an ALJ may use either of two sets of criteria to determine whether fibromyalgia is medically determinable: the "1990 American College of Rheumatology (ACR) Criteria for the Classification of Fibromyalgia" (the "1990 Criteria") or the "2010 ACR Preliminary Diagnostic Criteria" (the "2010 Criteria"). SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012).  The 1990 Criteria include: (1) "[a] history of widespread pain"; (2) "[a]t least 11 positive tender points on physical examination"; and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." *Id.* at *2–3.  The 2010 Criteria include: (1) "[a] history of widespread pain"; (2) "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions"; and (3) "[e]vidence that other disorders that could cause these repeated manifestations . . . were excluded." *Id.* at *3 (footnotes omitted).

Here, at step two, the ALJ considered whether Plaintiff's fibromyalgia was medically determinable pursuant to SSR 12-2p. Tr. 24.  The ALJ noted that Plaintiff had not provided "evidence that other disorders that could cause . . . repeated manifestations of symptoms, signs, or co-occurring conditions were excluded[.]" *Id.*  They also noted that "[t]he medical record is replete with records that could cause the symptoms" that might otherwise stem from fibromyalgia and proceeded to list examples of Plaintiff's pain. *Id.*  The ALJ found that "the tender points and an over three month history of 'widespread pain' as defined in SSR 12-2p [were] not met as required by both the 1990 and 2010 ACR criteria." *Id.*  Additionally, they observed that no evidence existed to show that tender-point testing "was done in the manner prescribed" by SSR 12-2p. *Id.*  The ALJ thus concluded that Plaintiff's fibromyalgia was not medically determinable. *Id.*

Having reviewed the ALJ's decision, the Court determines that the ALJ failed to properly consider whether fibromyalgia was medically determinable under the 2010 Criteria.  As an initial matter, Plaintiff contends that the ALJ's step-two finding lacked the support of substantial evidence because a rheumatologist conducted "extensive exclusionary testing" on Plaintiff to rule out causes of pain other than fibromyalgia. ECF 12, at 11.  The Court agrees. SSR 12-2p identifies "anti-nuclear antibody" testing as one method by which an examiner may "rule out other disorders that could account for the person's symptoms and signs." SSR 12-2p, 2012 WL 3104869, at *3.  Plaintiff's records show that, in May 2022, an anti-nuclear antibody test was performed in relation to Plaintiff's fibromyalgia diagnosis and returned a "[p]ositive" result. Tr. 441.  The ALJ's

*Christie S. v. O'Malley*
Civil No. 23-1126-CDA
February 22, 2024
Page 4

decision fails to mention this testing, making it unclear whether they properly considered it at step two.[3]  The ALJ *did* observe that the record was "replete with" other potential causes of Plaintiff's symptoms and that Plaintiff "generally" attributed her symptoms to "other medically determinable impairments and/or the side effects of medication."  Tr. 24.  But SSR 12-2p makes clear that a "physician"—not an ALJ—must "provide[] the evidence" that "other disorders . . were excluded."  SSR 12-2p, 2012 WL 3104869, at *2–3.  Thus, the ALJ misapplied SSR 12-2p by failing to rely on a physician's findings in determining that other sources of pain had not been properly excluded.

The ALJ also found that fibromyalgia was not medically determinable because "an over three month history of 'widespread pain' as defined in SSR 12-2p" was not present.  Tr. 24.  SSR 12-2p defines "[a] history of widespread pain" as "pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back)—that has persisted (or that persisted) for at least 3 months."  SSR 12-2p, 2012 WL 3104869, at *2.  "The pain may fluctuate in intensity and may not always be present."  *Id.*  Notably, the ALJ's conclusion that Plaintiff lacks a history of widespread pain appears to be contradicted by the ALJ's own observations.  For instance, the ALJ acknowledged that Plaintiff was diagnosed with "right low back pain" in 2018.  Tr. 24.  The ALJ also noted that "constant pain throughout [Plaintiff's] body . . . reportedly increased and worsened prior to her departure from the workforce in September 2021."  Tr. 28.  The ALJ issued their decision in 2023, and the record contains no indication that Plaintiff's pain had permanently subsided by that time.

More importantly, the ALJ's conclusion regarding the absence of a history of widespread pain is contradicted by the evidence of record.  A treatment note prepared on August 29, 2022 indicates, among other things, that Plaintiff experienced bilateral pain in her glutes, thoracic paraspinals, and lumbar paraspinals.  Tr. 657–58.  While the ALJ summarized some of this evidence, *see* Tr. 32, they did not explain how this evidence fails to satisfy SSR 12-2p's widespread-pain requirement.  Accordingly, remand is warranted to permit the ALJ to "explain[] the weight" they have given to this "obviously probative exhibit[.]"  *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977).

In sum, the Court concludes that the ALJ erroneously assessed two of the 2010 Criteria.  The ALJ did not address the remaining criterion: whether Plaintiff exhibited "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions[.]"  SSR

---

[3] In reaching this conclusion, the Court does not suggest whether this testing met SSR 12-2p's requirements.  The SSR states that it might.  The ALJ may, of course, find that this testing fails to show that disorders other than fibromyalgia were ruled out.  Even so, the Court cannot "determine the substantiality of the evidence to support the [ALJ's] determination" without "first ascertain[ing] whether the [ALJ] has discharged [their] duty to consider all relevant evidence."  *Jordan v. Califano*, 582 F.2d 1333, 1335 (4th Cir. 1978).  Given this, and because an ALJ's findings of fact are treated as conclusive, *see* 42 U.S.C. § 405(g), the ALJ must determine in the first instance whether Plaintiff's anti-nuclear antibody test satisfies the criterion set forth at SSR 12-2p.

*Christie S. v. O'Malley*
Civil No. 23-1126-CDA
February 22, 2024
Page 5

12-2p, 2012 WL 3104869, at *3 (footnotes omitted).  "Whether or not Plaintiff meets the criteria listed in SSR 12-2p is for the ALJ, not the Court, to decide."  *Jackie T. v. Kijakazi*, No. BAH-22-1309, 2023 WL 1424573, at *3 (D. Md. Jan. 30, 2023).  Therefore, the Court will not attempt to determine in the first instance whether this final criterion is satisfied.

The ALJ's errors were not without consequence.  Had the ALJ determined that fibromyalgia was medically determinable, they "would have been required to consider [its] effects . . . in assessing the RFC."  *Caroline R. v. Kijakazi*, No. BAH-22-3025, 2023 WL 5834755, at *4 (D. Md. Sept. 8, 2023) (citing *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015)).  Accordingly, the ALJ's errors "potentially impacted the subsequent steps of the disability determination process because [fibromyalgia] was not further considered."  *Id.* (brackets in original).  The Court will therefore remand this case so the ALJ can conduct a more circumspect analysis of whether Plaintiff's fibromyalgia is medically determinable under SSR 12-2p.[4]

## V.   **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[4] In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.